Case 1:15-cv-01420-JKB   Document 3   Filed 05/27/15   Page 1 of 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BOBBY E. BURTON, JR. | * | |
| Petitioner | * | Civil Action No. JKB-15-1420 |
| | * | |
| v. | * | |
| | * | |
| BRUCE ARMSTRONG | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM

Bobby E. Burton, Jr., a self-represented petitioner presently confined at the Alfred Hughes Unit in Gatesville, Texas, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, to challenge a "15 day cell restriction" for sexual misconduct imposed on November 27, 2014, in Waco, Texas. (ECF 1). The Texas Department of Criminal Justice's Offender Search, located at http://offender.tdcj.state.tx.us/OffenderSearch/, indicates that Burton is serving state sentences for murder, aggravated robbery, aggravated perjury, and criminal mischief.

The instant petition has no connection with Maryland. The Maryland Judiciary case search website at http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis does not list Burton as having ever been convicted of a crime in Maryland or serving a sentence in this state. Burton has never been convicted of a crime in this court.

Habeas corpus petitions must be filed either in the federal district in which the prisoner was convicted or in the federal district in which the prisoner is confined. *See* 28 U.S.C. § 2241

(a)(b)(2006). Accordingly, this case will be dismissed without prejudice to refiling in the appropriate judicial district.[1] To the extent Burton intends to appeal the imposition of a prison disciplinary sanction, not a state court conviction, he may pursue his administrative and judicial remedies as appropriate.

Under Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant ... If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Burton does not satisfy this standard, and the court declines to issue a certificate of appealability.

For these reasons, the court will dismiss the petition without prejudice and decline to issue a COA. A separate order follows.

  May 27, 2015  
Date

_____/s/_____
James K. Bredar
United States District Judge

---

[1] Burton has filed more than seventy-nine cases in various federal courts since 2013, a number of which were § 2254 actions ultimately transferred for improper venue. *See* https://pcl.uscourts.gov/ view?rid= g7P7DTM 5EcPoc9vrMz0bB9jjHkbPxtEuyUYCQErT&page=2. In light of Burton's status as a frequent *pro se* filer in many districts, the court finds transferring this case to the proper venue pursuant to 28 U.S.C. § 1406(a) would not serve the interests of justice.